GEORGE BURR, plaintiff in error, agt. JOHN R. WOOD, defendant in error. *Judgment affirmed.* M. T. REYNOLDS for plaintiff in error; M. SCHOONMAKER for defendant in error.

This was an action of trover brought by Wood in a Justice's Court against Burr for levying upon and taking a two horse harness. It was proved that the harness belonged to the plaintiff and was loaned to one Smith; and Smith left it in the care of one Lefever; and while hanging in a shop belonging to Lefever was levied upon by Burr, by virtue of an execution against Smith. Burr did not take the harness out of the shop, but took it from the place where it hung and put it into a box in the shop with other property he had levied upon. It appeared from the testimony that the harness, shortly after the levy, was removed from the shop; and some testimony to show that it was taken to the garret of Lefever's house. Smith and Lefever resided in the same house. Smith was a witness on the trial, and refused to answer the question, "Has any one taken the harness out of the shop?" as having a tendency to criminate himself. After the testimony was closed and the summing up had commenced by defendant's counsel, de-

fendant offered in evidence an execution against Smith in favor of one Dubois, to show that previously a set of harness of Smith's had been levied upon and the levy still retained, as evidence to justify the defendant Burr in making the levy in this case. The justice refused the evidence on the ground that it was offered too late.

Judgment was rendered for the plaintiff for $10 damages and $2·40 costs. The Ulster Common Pleas, on certiorari, reversed the judgment of the justice; and the Supreme Court (January term, 1846), on writ of error, reversed the judgment of the Common Pleas and affirmed that of the justice. " PER CURIAM. The defendant levied upon the harness, took it down from where it hung, and put it in a box with other property on which he had levied. What has since become of the property does not appear. The dominion which the defendant exercised over the property was enough to enable the plaintiff to maintain an action.

Whether the justice should receive further evidence after the testimony had been closed, and the summing up had been commenced, was a question addressed to his discretion. And besides, if the execution against Smith was received, it made out no justification for taking the plaintiff's property.

The witness Smith, was not bound to criminate himself. All that remains of the case were questions of fact. The judgment of the justice should not have been reversed." *Not reported.*

